UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LAWRENCE, on behalf of himself and all others similarly situated

    Plaintiff,

v.                                          CASE NO.:

PAY READY, INC., f/k/a DEBT LOGIC, INC.

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. This case involves numerous violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), by a debt collection company named Pay Ready, Inc. ("Pay Ready").

2. Pay Ready, which tellingly was formerly known as Debt Logic, Inc. ("Debt Logic"), refuses to abide by the FDCPA because it fraudulently takes the position it is not a debt collector. Indeed, its website contends exactly that, stating "[w]e are not a collection agency." https://www.payready.com, (last accessed July 13, 2021).

3. However, Pay Ready is most certainly a "debt collector" pursuant to 15 U.S.C § 1692(a)(6), as it meets the definition of "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Specifically, Pay Ready poses as "central billing management" for a number of student residential

communities and target college student around the country who purportedly owe debts to third-party landlords, actively contacting these students to collect purported debts.

4. Congress's finding that "[t]here is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors … " is a concept that underlies the FDCPA. *See* 15 U.S.C § 1692(a). The actions of Pay Ready are of a type intended to be prohibited by the FDCPA.

5. Pay Ready blatantly disregards the FDCPA by deceptively calling people throughout the country and not telling them in the initial oral communication that they are "attempting to collect a debt and any information will be used for that purpose. *See* 15 U.S.C § 1692e(11). (This section is often referred to as the "mini-Miranda").

6. Pay Ready also disregards the FDCPA by deceptively calling people throughout the country and not telling them in subsequent communications that the communication is from a debt collector. *See* 15 U.S.C § 1692e(11). In fact, as noted above, Pay Ready **actively conceals** its status as a debt collector.

7. Pay Ready also disregards the FDCPA by deceptively calling people throughout the country and not telling them their rights concerning: the amount of the debt, the name of the creditor, procedures for disputing the validity of the debt, how to verify the debt and how to obtain location information of the creditor. *See* 15 U.S.C § 1692g(a)(1-5). (This section is often referred to as the "G-Notice")

## PARTIES

8. Plaintiff Justin Lawrence, is a natural person, a citizen of Florida and resides in Tampa, Florida within Hillsborough County.

9. Plaintiff brings this case on behalf of himself and all others similarly situated.

10. Plaintiff is a "consumer" pursuant to 15 U.S.C § 1692a(3).

11. Pay Ready is a "debt collector" pursuant to 15 U.S.C § 1692a(6).

12. Pay Ready is located in California and does business throughout the country including in Florida. Pay Ready filed their Statement of Designation by Foreign Corporation under the name of Debt Logic, Inc., in Delaware on September 28, 2018[1]

## JURISDICTION AND VENUE

13. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

15. Violations described in the Complaint occurred while Plaintiff was in Tampa, Florida.

## FACTUAL ALLEGATIONS

---

[1] Plaintiff filed an original complaint against FPA Multifamily, LLC on July 20, 2020 (Case No. 8:20-cv-01517 VMC-JSS[Doc 1] and Plaintiff filed an Amended Class Action Complaint against FPA Villa Del Lago, LLC on August 24, 2020 (Case No. 8:20-cv-01517-VMC-JSS [Doc 14]. On October 23, 2020, Defendant filed their Amended Statement by Foreign Corporation changing their name only from Debt Logic, Inc. to Pay Ready, Inc.

3

16. Pay Ready, called Plaintiff approximately four times in an attempt to collect a debt. However, in clear violation of the FDCPA, as is their customary practice, failed to inform Plaintiff that they are a debt collector attempting to collect a debt and that any information will be used for that purpose.

17. Pay Ready also, as part of their illegal scheme, does not tell consumers the specific amount of the debt or perhaps, most importantly, their rights concerning how to dispute and how to obtain verification of the debt.

18. This illegal scheme of ignoring the FDCPA allows Pay Ready to inflict damages on individuals that the FDCPA was enacted to curtail, specifically "personal bankruptcies, to marital instability, to loss of jobs, and to invasion of privacy." 15 U.S.C § 1692(a).

19. Federal law requires a debt collector to notify a consumer in each phone call that they are "attempting to collect a debt and any information obtained will be used for that purpose." *See* 15 U.S.C § 1692e(11)

20. In each of these four calls to the Plaintiff, Pay Ready violated 15 U.S.C § 1692e(11). Because these calls reflect the customary business practices of Pay Ready, there is cause to believe a number of persons adequate to establish a class have been victims of such violation.

21. Pay Ready continues violating the FDCPA in each phone call it made to Plaintiff and others throughout the country.

22. When a person calls back the numbers from which Pay Ready calls from, the people who answer the phone claim to be from "central billing" of "central billing management." They do not disclose that Pay Ready is actually a debt collector collecting for third-party landlords.

23. Upon information and belief Pay Ready collects debt for approximately 160 properties through the United States.

24. Pay Ready, knowing they are debt collector, affirmatively misrepresents their status on their website by stating, "We are not a collection agency." https://www.payready.com, (last accessed July 13, 2021).

25. The damage from not knowing who is calling and for what reason is consequential.

26. Plaintiff experienced anxiety, frustration, worry and emotional damages generally from not knowing who was calling and for what precise reason and for what amount(s).

27. Plaintiff was concerned his credit would be ruined by the collector calling him.

28. Pay Ready contacted the Plaintiff in an attempt to collect a $150 penalty charge for Plaintiff not returning his apartment key, although Plaintiff had already in fact returned his apartment key.

29. Pay Ready was also attempting to collect payments for amenities for Plaintiff's college apartment although the amenities were closed and inaccessible to Plaintiff.

30. Pay Ready was attempting to collect rent from the Plaintiff for his college apartment even though the students were ordered home by the College, the Florida Governor and the then President of the United States.

31. Pay Ready was attempting to collect rent for services that were not provided and could not be provided safety because of the COVID pandemic.

32. Plaintiff was upset he was called by Pay Ready and at the time did not know who Pay Ready actually was.

33. Plaintiff was so worried about the calls he told Pay Ready he had an attorney.

34. Pay Ready violated 15 U.S.C § 1692g(a) which states,

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35. Pay Ready never sent a letter to the Plaintiff despite speaking with him.

36. Abusive debt collection practices such as not providing consumers the "G-Notice" contribute to the number of personal bankruptcies, to marital instability, to loss of jobs and invasions of privacy. *See* 15 U.S.C § 1692.

37. The damage caused by failing to provide this required initial communication is monumental to Plaintiff and each person throughout the country who is victim of this deception.

38. Plaintiff suffered concrete damages as a result of Pay Ready's deception and refusal to follow the FDCPA.

39. It is reasonably believed that Pay Ready has recorded at least one conversation with the Plaintiff.

40. It is reasonably believed Pay Ready has recorded each conversation with the Plaintiff.

41. Pay Ready's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

42. Defendant violated the FDCPA with respect to the Plaintiff.

43. Pay Ready undertook a debt collection campaign through the country to pressure college students into paying for debts they did not owe for services and rent that were not and could not be provided safety because of COVID.

## CLASS ALLEGATIONS

44. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) as a representative of the following Classes:

> I. All people who were contacted by Pay Ready and within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> II. All people who Pay Ready called and in that initial communication were not told that they were attempting to collect a debt and any information obtained will be for that purpose.
>
> III. All people who Pay Ready contacted in communications, besides the initial one, and failed to tell them the communication is from a debt collector.

45. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues, as discovery and the orders of this Court warrant.

46. Excluded from the Class is the Defendant, the officers and directors of the Defendant at all relevant times, members of Defendant's immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

47. Plaintiff is a member of the Class he seeks to represent.

48. Defendant sought to collect room, rent and fees from thousands of students while schools were closed, and students ordered to return home and in doing so failed to adhere to 15 U.S.C § 1692(e)11 and 15 U.S.C § 1692(g). Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

49. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant failed to advise class members that Defendant was a debt collector calling to collect a debt and

all information would be used for that purpose, as well as forwarding the proper g-notice following the initial communication.

50. The claims of the named Plaintiff are typical of the claims of the Class in that Defendant sought to collect a debt without adhering to 15 U.S.C § 1692(e)11 and 15 U.S.C § 1692(g).

51. Plaintiff is an adequate representative of the Class because Plaintiff's interest does not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

52. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of

Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication.

## COUNT I
**(Violation of the FDCPA)**

53. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

54. Defendant did not send the written notice described in 15 U.S.C. § 1692(g)(a) to putative class members within five days after the initial communication.

55. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(e)(11) by failing to disclose in the initial written communication with the consumer, and in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose is subsequent communications that the communication is from a debt collector.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, injunctive relief and any other such relief this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ Billy Howard
William "Billy" Peerce Howard, Esq.
Florida Bar No. 0103330
Amanda J. Allen, Esq.
Florida Bar No. 0098228
The Consumer Protection Firm
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: (813) 500-1500
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
Attorneys for Plaintiff