UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN LAWRENCE, on behalf of himself and all others similarly situated

    Plaintiff,

v.                              CASE NO.: 8:21-cv-01711-KKM-JSS

SENTRY CREDIT, INC.,

    Defendants.

_____/

## SECOND AMENDED CLASS ACTION COMPLAINT

1. Sentry Credit, Inc. ("Sentry") collects illegitimate debts while concealing their identity in gross violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and Florida Collection Practices Act Fl Stat. 559.55 et seq. ("FCCPA").

2. Congress found that "[t]here is abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to loss of jobs, and to invasions of individual privacy." *See* 15 U.S.C § 1692(a). The actions of Sentry are of a type intended to be prohibited by the FDCPA and FCCPA.

3. Sentry deliberately violated the FDCPA so it will not be required to send out the required letters which state the amount and nature of the debts.

4.  Sentry's concealment of its identity creates difficulty for consumers to know and enforce their legal rights.[1]

5.  Sentry is a "debt collector" pursuant to 15 U.S.C § 1692(a)(6) and Fla. Stat 559.55 (7), as it meets the definition of "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

6.  Sentry manipulates the Caller ID on telephone calls they make to people.

7.  Manipulating the Caller ID on telephone calls is referred to as "spoofing."

8.  Sentry has a business practice of spoofing their telephone numbers when calling as a way to hide their identity. This is practice is designed to deceive recipients of Sentry's calls so that they are unaware Sentry is the party calling, thus precluding these putative debtors from filing actions against Sentry.

9.  Sentry placed debt collection calls to the Plaintiff.

10. Sentry placed spoofed debt collection calls to the Plaintiff.

11. During the phone call that Sentry placed to the Plaintiff, Sentry did not notify the Plaintiff that Sentry was a debt collector.

---

[1] As a result of Sentry's intentional deceptions to conceal its involvement by refusing to follow the law and disclose both its own identity and status as a debt collector, there was a substantial delay in the Plaintiff's discovery of Sentry's involvement. Notably, not even the original creditor knew that Sentry, as opposed to Smartpay, had been the collector involved in the communications at issue here, creating an unusual situation where even the creditor was deceived by Sentry's unlawful conduct.

12. Sentry did not send a letter to the Plaintiff after an employee of Sentry spoke to the Plaintiff.

13. Sentry further intentionally conceals their identity by answering their phone and otherwise identifying themselves as "central billing management." This unlawful practice is designed to confuse purported debtors into believing that Sentry employees are employees of the original creditor, thus preventing the putative debtors from availing themselves of the specific rights available to consumers when dealing with debt collectors. It also is intended by Sentry to prevent aggrieved consumers from bringing suit against Sentry because they will be completely unaware that Sentry is the party that contacted them.

14. Sentry blatantly disregards the FDCPA by deceptively calling people throughout the country and not telling them in the initial oral communication that they are "attempting to collect a debt and any information will be used for that purpose. *See* 15 U.S.C § 1692e(11). (This section is often referred to as the "mini-Miranda").

15. Sentry disregards the FDCPA by deceptively calling people throughout the country and not telling them in subsequent communications that the communication is from a debt collector. *See* 15 U.S.C § 1692e(11).

16. Sentry disregards the FDCPA by deceptively calling people throughout the country and then not sending them a letter about their rights concerning: the amount of the debt, the name of the creditor, procedures for disputing the validity of the debt,

how to verify the debt and how to obtain location information of the creditor. *See* 15 U.S.C § 1692g(a). (This section is often referred to as the "G-Notice")

## PARTIES

17. Plaintiff Justin Lawrence, is a natural person, a citizen of Florida and resides in Tampa, Florida within Hillsborough County.

18. Plaintiff brings this case on behalf of himself and all others similarly situated.

19. Plaintiff is a "consumer" pursuant to 15 U.S.C § 1692a(3).

20. Sentry is a "debt collector" pursuant to 15 U.S.C § 1692a(6).

21. Sentry Credit, Inc. is located in Washington and does business throughout the country including Florida. Sentry Credit, Inc.'s principal office is located in Everett, Washington.

## JURISDICTION AND VENUE

22. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

23. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2).

24. Violations described in this Amended Complaint occurred while Plaintiff was in Tampa, Florida.

## FACTUAL ALLEGATIONS

25. Sentry is a debt collector who collects money directly from consumers.

26.     A company named Pay Ready² receives debt collection files and then farms these files out to Sentry.

27.     Sentry called Plaintiff approximately four times in an attempt to collect a debt. However, in clear violation of the FDCPA, as is their customary practice, failed to inform Plaintiff that they are a debt collector attempting to collect a debt and that any information will be used for that purpose.

28.     Sentry also, as part of their illegal scheme, does not tell consumers in writing the specific amount of the debt or perhaps, most importantly, their rights concerning how to dispute and how to obtain verification of the debt. Plaintiff was sent no such letter here.

29.     This illegal scheme of ignoring the FDCPA allows Sentry to inflict damages on individuals that the FDCPA was enacted to curtail, specifically "personal bankruptcies, to marital instability, to loss of jobs, and to invasion of privacy." 15 U.S.C § 1692(a).

30.     Federal law requires a debt collector to notify a consumer in each phone call that they are "attempting to collect a debt and any information obtained will be used for that purpose." *See* 15 U.S.C § 1692e(11). Sentry did not do that with regards to the Plaintiff and fails to do so with all debtors as an intentional business practice.

---

²Pay Ready recently settled the claims made against them and was dismissed from this lawsuit.

31. In each of these four calls to the Plaintiff, Sentry violated 15 U.S.C § 1692e(11). Because these calls reflect the customary business practices of Sentry, there is cause to believe a number of persons adequate to establish a class have been victims of such violation.

32. Sentry continues violating the FDCPA in each phone call it made to Plaintiff and others throughout the country.

33. When a person calls back the numbers from which Sentry calls from, the people who answer the phone claim to be from "central billing" or "central billing management." They do not disclose Sentry's true identity of that Sentry is actually a debt collector.

34. The damage from not knowing who is calling and for what reason is consequential. Indeed, among the many significant rights afforded to debtors by Federal law regarding debt collectors is an explicit right to demand cessation of communications.

35. Allowing people be able to see what is being collected and having the ability to dispute this is one of the most important rights consumer have in this country who are the subject of debt collection practices.

36. Plaintiff experienced anxiety, frustration, worry and emotional damages generally from not knowing who was calling and for what precise reason and for what amount(s).

37. Plaintiff was concerned his credit would be ruined by the debt collectors calling him.

38. Sentry collected and attempted to collect "early termination fees" and "insufficient notice fees" even though Sentry knew it had no right to collect these fees and the purported debt was illegitimate. Specifically, these fees, which were not provided for in the lease contracts (and certainly not specified as "fees"), were designed to conceal an attempt to enforce an unlawful liquidated damages clause within the paragraph 39 of the underlying lease contract. The unlawful 120-day notice contractual provision contained therein purported to be "in accordance with Fla. Stat. §83.575(2)" but in fact violated subsection (1) of the **very same statute** that provided that "a rental agreement may not require more than 60 days' notice before vacating the premises." There was also a failure by the creditor to comply with the 15-day requirement of advance notice to the tenant prior to the notice period as required by §83.575(2), thus further establishing the invalidity of the debt. Notably, Sentry boasts on its website that it has a "full-service legal department" as well as a "ever-watchful Compliance department," both of which would have contributed both to its knowledge of the illegality of this debt and of the unlawful nature of its efforts to enforce this invalid debt.

39. Plaintiff was upset he was called by Sentry and at the time did not know what debt collector was actually calling him.

40. Plaintiff was so worried about bring contacted by telephone that he hired a lawyer and told Sentry that in a phone call.

41. Sentry violated 15 U.S.C § 1692e(11) by failing to inform the consumer in the initial communication that the debt collector is attempting to collect a debt and any information will be used for that purpose and the failure to disclose in subsequent communication that the communication is from a debt collector. This was true of the Plaintiff and all debtors generally.

42. Sentry violated 15 U.S.C § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

43. Sentry violated 15 U.S.C § 1692g which states,

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

44. Sentry never sent such a letter to the Plaintiff despite speaking with him. The failure to adhere to this legal requirement was intentional and in furtherance of Sentry's efforts to conceal both its identity and that it was a debt collector in an effort to preclude suit from being brought against it for its unlawful conduct.

45. Sentry willfully engaged in other conduct which can be reasonably expected to abuse or harass the debtor or any member of her or his family in violation of Section 559.27(7). This included, but was not limited to, concealment of its identity and actual relationship to the creditor.

46. Sentry claimed or attempted or threatened to enforce a debt when such person knows that the debt is not legitimate in violation of Section 559.72(9).

47. Abusive debt collection practices such as not providing consumers the "G-Notice" contribute to the number of personal bankruptcies, to marital instability, to loss of jobs and invasions of privacy. *See* 15 U.S.C § 1692.

48. The damage caused by failing to provide this required initial communication is monumental to Plaintiff and each person throughout the country who is victim of this deception.

49. Plaintiff suffered concrete damages as a result of Sentry's deception and refusal to follow the FDCPA and FCCPA.

50. Sentry recorded at least one conversation with the Plaintiff.

51. Sentry records all of their conversation with consumers.

52. Sentry's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

53. Defendants violated the FDCPA with respect to the Plaintiff.

54. Sentry directed Plaintiff to Pay Ready's platform to view his invoices and pay. This conduct was further designed to conceal the involvement of Sentry so as to prevent suit from being brought against it.

## CLASS ALLEGATIONS

55. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) as a representative of the following Classes:

> I. All people who were called by Sentry and within five days after that initial communication, did not send the consumer a written notice containing – (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> II. All people who Sentry called and in that initial communication were not told that they were attempting to collect a debt and any information obtained will be for that purpose.

    III.    All people who Sentry called, more than once, and failed to tell them the communication is from a debt collector.

    IV.    All people in Florida that Sentry attempted to collect an early termination fee or insufficient notice fee from.

56. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues, as discovery and the orders of this Court warrant.

57. Excluded from the Class are the Defendants' officers and directors of the Defendants at all relevant times, members of Defendant's immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

58. Plaintiff is a member of the Class he seeks to represent.

59. Defendants sought to collect room, rent and illegal fees from students while schools were closed, and students ordered to return home and in doing so failed to adhere to 15 U.S.C § 1692(e)11 and 15 U.S.C § 1692(g). Accordingly, members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

60. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendant failed to advise class members that Defendant was a debt collector calling to collect a debt and all information would be used for that purpose, as well as forwarding the proper g-notice following the initial communication.

61. The claims of the named Plaintiff are typical of the claims of the Class in that Defendants sought to collect a debt without adhering to 15 U.S.C § 1692(e)11 and 15 U.S.C § 1692(g).

62. Plaintiff is an adequate representative of the Class because Plaintiff's interest does not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

63. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or

contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication.

## COUNT I
### (Violation of the FDCPA as to Sentry)

89. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

90. Defendant engaged in any conduct the natural consequence is to harass in violation of 15 U.S.C. § 1692(d).

91. Defendant engaged in any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692(e).

92. Defendant engaged in an act or omission prohibited under 15 U.S.C. § 1692(e)(11) by failing to disclose in the initial written communication with the consumer, and in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose is subsequent communications that the communication is from a debt collector.

93. Defendant engaged in unfair and unconscionable conduct in violation of 15 U.S.C. § 1692(f).

94. Defendant did not send the written notice described in 15 U.S.C. § 1692(g) to putative class members within five days after the initial communication.[3]

## COUNT II
### (Violation of the FCCPA as to Sentry)

93. At all times relevant to this action, Defendant is subject to and must abide by Florida Collection Practices Act Fl Stat. 559.55 et seq. ("FCCPA").

94. Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can be reasonably expected to abuse or harass the debtor or any member of her or his family in violation of Section

---

[3] Sentry in its Motion to Dismiss (Doc. 42) has asserted that the Plaintiff's cause of action is barred by the FDCPA's statute of limitation. That is not correct. As a preliminary matter, there was active and deliberate concealment by Sentry of its involvement in this debt collection, with its practice of claiming to be "central billing" during telephone calls being specifically designed to deceive the consumer as to the identity of the caller. Other unlawful practices by Sentry, including its telephone number "spoofing" and its failure to send a 15 U.S.C § 1692(g) letter, caused the Plaintiff to be entirely unaware that it was Sentry that had communicated with the Plaintiff, thus making a suit against Sentry impossible. It was only the Plaintiff's significant and diligent discovery in the action against PayReady which revealed Sentry's involvement, after which the Plaintiff promptly added Sentry as a defendant in this action. These are clearly "sufficiently inequitable circumstances" to warrant equitable tolling if such is even established to be necessary. Additionally, Sentry relies upon the notion that the statute of limitations flows from the **first** call, whereas a course of conduct of making multiple calls would establish the limitations date as at the time of or following its **last** call or attempted communication.

559.27(7). This conduct included, but is not limited to, active concealment and deception as to Sentry's identity and status as a debt collector.

95. Defendant claimed or attempted or threatened to enforce a debt when such person knows that the debt is not legitimate or asserted the existence of some other legal right when such person knows that the right does not exist, in violation of Section 559.72(9). This includes, but is not limited to, the knowing efforts at collection of the unlawful liquidated damages concealed as "early termination fees" and "insufficient notice fees" as described above.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, injunctive relief and any other such relief this Honorable Court may deem just and proper.

    Respectfully submitted,

    /s/ *Billy Howard*
    William Peerce Howard, Esq.
    Florida Bar No. 0103330
    Amanda J. Allen, Esq.
    Florida Bar No. 0098228
    The Consumer Protection Firm
    401 East Jackson Street, Suite 2340
    Truist Place
    Tampa, Florida 33602
    Telephone: (813) 500-1500
    Billy@TheConsumerProtectionFirm.com
    Amanda@TheConsumerProtectionFirm.com
    *Attorneys for Plaintiff*