**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO. 8:21-cv-01711-KKM-JSS**

JUSTIN LAWRENCE, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

PAY READY, INC., f/k/a DEBT LOGIC, INC,
and SENTRY CREDIT, INC.,

      Defendants.

_____/

**DEFENDANT, SENTRY CREDIT, INC.'S RULE 12(b)(1), 12(b)(6), and 12(e) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT WITH PREJUDICE AND MOTION FOR MORE DEFINITE STATEMENT**

Defendant, SENTRY CREDIT, INC., ("Sentry"), Pursuant to Rule 12(b)(1), 12(b)(6), and 12(e), Fed. R. Civ. P., by and through its undersigned counsel, hereby files its Motion to Dismiss Plaintiff's Second Amended Complaint and Motion for More Definite Statement ("Amended Complaint") filed by Plaintiff, JUSTIN LAWRENCE ("Plaintiff"), and in support thereof states as follows:

1.      On April 29, 2022, Plaintiff filed his Second Amended Class Action Complaint regarding Defendant Sentry, and alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), and the Florida Consumer Collection Practices

1

Act ("FCCPA"), based on alleged communications between Sentry and Plaintiff. (D.E. 56).

2.      Sentry moves this Court for Dismissal of Plaintiff's Second Amended Class Action Complaint regarding Plaintiff's FDCPA claims pursuant to Rule 12(b)(1) and 12(b)(6), Fed. R. Civ. P., as Plaintiff failed to successfully allege Article III standing, due to a lack of subject matter jurisdiction, and because Plaintiff does not meet the elements of his FCCPA claims. Sentry also moves this Court for a More Definite Statement from Plaintiff pursuant to Rule 12(e), Fed. R. Civ. P., regarding the belief that Plaintiff filed his Amended Class Action Complaint (first action against Sentry) after the FDCPA statute of limitations period expired as to Sentry.

<b><u>MEMORANDUM OF LAW</u></b>

## I.      <u>INTRODUCTION</u>

The following alleged facts are stated as favorably to Plaintiff as permitted and pursuant to the Second Amended Class Action Complaint:

Sentry makes debt collection calls on behalf of its clients; in the instant case, Sentry utilized Pay Ready's automated payment processing platform to do so. (D.E. 25, ¶¶ 3, 10, 33, 75). Sentry called Plaintiff approximately four times in an attempt to collect a debt and failed to notify Plaintiff in each of those communications that it was a debt collector attempting to collect a debt, as required by 15 U.S.C.

2

§1692e(11). (D.E. 25, ¶¶ 15-17, 20, 35, 47, 53). Sentry did not send Plaintiff a validation letter after its initial communication with Plaintiff, as required by 15 U.S.C. §1692g. (D.E. 25, ¶¶ 18, 36, 62). During one of the telephone calls, Sentry directed Plaintiff to Pay Ready's payment processing platform to pay his outstanding debt, where and by which Plaintiff paid his outstanding debt. (D.E. 25, ¶ 75).

Plaintiff alleges the aforementioned events show that Sentry violated:

1. 15 U.S.C. §1692e(11), by failing to inform Plaintiff that it was a debt collector trying to  collect a debt;

2.  15 U.S.C. §1692f, by using unfair or unconscionable means to collect a debt;

3.  15 U.S.C. §1692g, by failing to send written notice of statutorily required information  about the debt to Plaintiff within five days of the initial communication with Plaintiff;

4.  Fla. Stat. 559.72(7), by willfully communicating with a debtor or a debtor's family member with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; and,

5.  Fla. Stat. 559.72(9), claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows the right does not exist.

Even accepting Plaintiff's factual allegations as true, Plaintiff has failed to sufficiently allege all of the elements of his claims against Sentry, or to allege a concrete, particularized injury stemming from the alleged violations to establish Article III standing requirements, or to show that Plaintiff's cause of action against Sentry accrued within the one year FDCPA statute of limitations.

## II.  **STANDARD OF REVIEW**

Rule 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss or motion for judgment on the pleadings, the Court may only consider documents attached to, incorporated by, or referred to in the pleadings.  *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp. 2d 914, 924 (N.D. Ohio 2009). Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to the claims, and therefore may be considered without converting a Rule 12(b)(6) motion to dismiss to a Rule 56 motion. *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp. 2d 914, 924 (N.D. Ohio 2009), citing *Weiner v. Klais and Company,* 108 F.3d 86, 89 (6th Cir.1997).

The United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and in its more recent decision *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 17 L.Ed.2d 1868 (2009), altered

the manner in which courts are to analyze a Rule 12(b)(6) motion to dismiss.  Under this standard, a claim must have facial plausibility, which is realized "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id.* The "complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1964-65 (2007)). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Id. (citing Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974). "Conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *American Dental Association v. CIGNA Corporation,* 605 F.3d 1283, 1291 (11th Cir. 2010); *see also Jackson v. Bellsouth Telecomms*., 372 F.3d 1250, 1262 (11th Cir. 2004). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. at 678, 129 S Ct 1937, quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. These types of allegations are not to be considered when the court is determining whether the factual allegations of the complaint are enough to state a plausible claim.  *See Iqbal*, 129 S. Ct at 1950.

Courts considering motions to dismiss should adopt a "two-pronged

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

approach" in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  Importantly, as the Supreme Court stated in *Twombly* and subsequently in *Iqbal,* courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.  *Id.* at 1951-52 (quoting *Twombly,* 550 U.S. at 567, 127 S.Ct. at 1972).

The court may compel a party under Rule 12(e) to provide a more definite statement when the pleadings are so vague or ambiguous that the opposing party cannot properly prepare a response. *See* Fed. R. Civ. P. 12(b)(e). "[T]he Supreme Court recently noted that '[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice,' then a Rule 12(e) motion may be appropriate." *Castle Key Insurance Co. v. Wooden Family Trust*, 321 So. 3d 346, 351 (Fla. 1st DCA 2021), *citing*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated. *Id*. at 352.

## III.   ARGUMENT

### A.  Plaintiff's FDCPA claim as to Sentry should be dismissed

**i.  Plaintiff's FDCPA claims should be dismissed for failure to sufficiently allege Sentry meets the statutory definition of a debt collector**

To survive a motion to dismiss under the Section 1692e, a plaintiff must plead sufficient facts so as to allow the court to draw the reasonable inference that the defendant is a debt collector under the FDCPA and therefore liable for the alleged misconduct. *Davidson v. Capital One Bank (USA), N.A.*, 797 F. 3d 1309, 1313 (11th Cir. 2015) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Plaintiff must sufficiently allege that Sentry is a debt collector.

> 15 U.S.C. § 1692a(6)(F):    The term "Debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--…
> (F)  …(iii) concerns *a debt which was not in default at the time it was obtained by such person…*(emphasis added).

As such, Plaintiff must adequately allege that his debt was in default when Sentry began calling him about it. *See Davidson*, 797 F.3d at 1313; *Fennello v. Bank of America, N.A.*, 577 F. App'x 899, 902 (11th Cir. 2014). Because Plaintiff fails to allege that his debt was in default when Sentry began calling Plaintiff about the debt, Plaintiff has failed to sufficiently allege that Sentry is a debt collector under the

FDCPA, and as such, Plaintiff's claim should be dismissed. *See Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004); see also, *Isner-Monticello v. Nelnet, Inc., et al*., 8:20-cv-2135, 2021 WL 1854631 * 1 (M.D. Fla. May 10, 2021) (case dismissed because plaintiff failed to allege defendants are debt collectors by alleging that her student loans were in default when defendants began servicing them).

### ii.  Plaintiff filed suit against Sentry after the statute of limitations period expired

Statutes of limitation provide "security and stability to human affairs" and are "vital to the welfare of society." *Rotkiske v. Klenn*, 890 F. 3d 422, 425 (3d Cir. 2018), *citing Gabelli v. S.E.C.*, 568 U.S. 442, 448–49, 133 S.Ct. 1216, 185 L.Ed.2d 297 (2013). By fixing an end point for civil liability, Congress advances "the basic policies of all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities." *Id*., *citing Gabelli*, 568 U.S. at 447–48, 133 S.Ct. 1216. A statute can run from the date the injury actually occurred, an approach known as the 'occurrence rule. *Id*. "[W]hen Congress specifies that the "date on which the violation occurs" starts the limitations period, the occurrence rule plainly applies." *Id.* "A claim under the FDCPA "may be brought ... within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d)." *Glover v. Federal Deposit Insurance Corp.*, 698 F.

3d 139, 148 (3d Cir. 2012). The Rotkiske court held "that § 1692k [Civil Liability] (d) [jurisdiction]'s *one-year limitations period begins to run when a would-be defendant violates the FDCPA, not when a potential plaintiff discovers or should have discovered the violation.*" *Rotkiske v. Klenn*, 890 F. 3d at 425. See also, *TRW Inc. v. Andrews*, 534 U.S. 19, 28, 122 S. Ct. 441, 151 L.Ed.2d 339 (2001) (emphasis added).

The doctrine of equitable tolling "can rescue a claim otherwise barred as untimely by a statute of limitations [only] when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Glover v. Federal Deposit Insurance Corp.*, 698 F. 3d at 151, *citing Santos ex rel. Beato v. United States,* 559 F.3d 189, 197 (3d Cir. 2009). Equitable relief from a statute of limitations should only be used sparingly. *Deaville v. Capital One Bank*, 425 F. Supp. 2d 744, 752 (W.D. La. 2006) (court found equitable tolling did not apply to FDCPA claim, and therefore plaintiff's claim failed, as plaintiff could not show he was misled or hoodwinked by defendant.) The plaintiff carries the burden of establishing that equitable tolling is warranted. *Stewart v. Bureaus Investment Group,* 24 F. Supp 3d 1142, 1159 (M.D. Ala. 2014), *citing*, *Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir.2004). In order to establish equitable tolling by fraudulent concealment, plaintiffs must allege and establish that: 1) defendants concealed the conduct that constitutes the cause of action; 2) defendants'

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

concealment prevented plaintiffs from discovering the cause of action within the limitation period; and 3) until discovery of the cause of action, plaintiffs exercised due diligence in trying to find out about the cause of action. *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp. 2d 914, 926 (N.D. Ohio 2009), citing, *Pinney Dock & Transp. Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir.1988). In *Whittiker*, the plaintiffs were not able to show that defendant affirmatively concealed its allegedly false statements from plaintiff, or that defendant's conduct prevented plaintiffs from discovering FDCPA claims. *Id*. As such, that court held that equitable tolling did not apply to plaintiffs' FDCPA claims. *Id*.  "[I]t is well established that [e]quitable tolling is not warranted merely because the plaintiff was unaware of his cause of action." *Stewart v. Bureaus Investment Group,* 24 F. Supp 3d 1142, 1159 (M.D. Ala. 2014), *citing*,  *Derisme v. Hunt Leibert Jacobson P.C.,* 880 F.Supp.2d 339, 356 (D.Conn.2012). "[T]here must be some sort of concealment of wrongdoing by the defendant or some effort to trick the plaintiff into not exercising his rights." *Id*., *citing Turner v. Lerner, Sampson & Rothfuss,* 776 F.Supp.2d 498, 504 (N.D. Ohio 2011). "A plaintiff may demonstrate concealment "by showing either that the defendant took affirmative steps to prevent the plaintiff['s] discovery of his claim or injury or that the wrong itself was of such a nature as to be self-concealing."" *Id*., *citing Derisme,* 880 F.Supp.2d at 355. The *Stewart* court discussed *Zigdon v. LVNV Funding, LLC,* 1:09CV0050, 2010 WL 1838637 *10-12 (N.D. Ohio Apr. 23, 2010),

"the court concluded that equitable tolling was not warranted because the plaintiffs had failed to plead that: (1) the defendants "took active steps, *beyond the mere filing of the state court suit,*" to conceal their non-registration status in Ohio; (2) the defendants made efforts to prevent plaintiffs from learning the true nature of their non-registration status or to cause them to miss the FDCPA filing deadline; or (3) the plaintiffs had exercised due diligence in trying to learn about their cause of action." *Id*. at 1160. "With respect to the "active steps" element, the court noted the "critical distinction" between "failure to reveal" and "fraudulent concealment."" *Id., citing Zigdon v. LVNV Funding,* 2010 WL 1838637 at *10. The court reasoned that "silence" and "unwillingness to divulge one's allegedly wrongful activities," in the absence of a fiduciary relationship, was not the sort of active concealment for which the equitable tolling remedy was created." *Id.* Because it was clear that the *Stewart* defendants did not actively conceal their FDCPA violations or state law torts, and that the plaintiffs were not diligent to discover their claims, equitable tolling did not apply, and the plaintiffs' claim was time barred by the statute of limitations. *Id*. at 1161. *See also, Mason v. Midland Funding LLC*, 2017 WL 8186866 (Sept. 29, 2017) (Plaintiff did not demonstrate due diligence in order to invoke the equitable tolling doctrine, or show that Defendant's conduct prevented plaintiff from discovering their FDCPA claims, and Plaintiff's claims were dismissed as time-barred for being filed past the one year FDCPA statute of limitations).

In the instant case, it is clear that the statute of limitations began to run when the alleged action occurred; i.e., when Sentry first contacted Plaintiff. The statute of limitations on Plaintiff's FDCPA violation allegations of §1692e, false or misleading representations, §1692f, unfair practices, and §1692g, validation of debts, all began to run when Sentry first contacted Plaintiff. Sentry first called Plaintiff in June of 2020, and Sentry's last contact with Plaintiff was in July 2020. Sentry was served with the Amended Class Action Complaint on February 2, 2022 (Sentry was not named in Plaintiff's initial Class Action Complaint). (D.E. 25). Therefore, at the very latest, the statute of limitations ran as to Sentry in July 2021, the last contact with Plaintiff. Plaintiff filed his Amended Class Action Complaint against Sentry over six (6) months too late; as such, Plaintiff's Amended Class Action Complaint must be dismissed. Further, equitable tolling does not apply in the instant case. Defendant did not deceive Plaintiff, Defendant did not hoodwink or conceal anything from Plaintiff; Defendant took no affirmative steps to prevent Plaintiff from discovery of his claim allegations. Further, Plaintiff cannot show due diligence in trying to learn about the cause of action. It is clear that the instant case was filed as to Sentry over six (6) months past the one year statute of limitations for an FDCPA claim; it is also clear that equitable tolling does not apply to the instant case. As such, Plaintiff's FDCPA claim against Sentry should be dismissed as time-barred.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

### iii.  Plaintiff should be made to file a More Definite Statement

In addition, Plaintiff's FDCPA claim is vague and ambiguous, and Plaintiff should be made to submit a more definite statement. Plaintiff does not state when Sentry made the calls to Plaintiff. According to Sentry's own records, it contacted Plaintiff in June and July of 2020. Plaintiff's Class Action Complaint was initially filed July 14, 2021. (D.E. 1). According to Sentry's records, the statute of limitations would have run on this claim in June of 2021, before even the initial Class Action Complaint was filed, let alone the Amended Class Action Complaint, which was served on Sentry on February 2, 2022. (D.E. 26). As such, Plaintiff should be made to file a more definite statement.

### iv.  Plaintiff's FDCPA claim as to Sentry should be dismissed as there is a lack of subject matter jurisdiction

Article III of the United States Constitution grants federal courts the power to hear cases and controversies. *In re D.N.H.W.*, 955 So. 2d 1236 (Fla. 2d DCA 2007). "Subject matter jurisdiction—the 'power of the trial court to deal with a class of cases to which a particular case belongs'—is conferred upon a court by constitution or by statute." *Strommen v. Strommen,* 927 So.2d 176, 179 (Fla. 2d DCA 2006) (quoting *Cunningham v. Standard Guar. Ins. Co.,* 630 So.2d 179, 181 (Fla.1994)). Parties cannot agree to jurisdiction over the subject matter where none exists, and the defense of lack of subject matter jurisdiction can be raised at any

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

time. *Cunningham,* 630 So.2d at 181; *Strommen,* 927 So.2d at 179; *Ruble v. Ruble,* 884 So.2d 150, 152 (Fla. 2d DCA 2004).

Plaintiff's Article III standing to bring a claim is a threshold jurisdictional question which the Court must address prior to analyzing the merits of Plaintiff's claims. *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008). ""The party invoking federal jurisdiction bears the burden of establishing" standing." Ledwitz v. Naderpour & Assoc., P.A., 544 F. Supp. 3d 1305, 1310 (S.D. Fla. 2021), *citing Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). Indeed, a plaintiff must prove standing for each count it alleges in an action. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). Article III standing consists of three elements, a plaintiff must have 1) suffered an injury in fact which is 2) fairly traceable to the defendant's conduct and 3) likely redressable by a favorable court decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). "…a plaintiff may establish a concrete injury-in-fact three ways: (i) by alleging facts to establish statutory violations of the type that are sufficient without the need to allege additional harm; (ii) by alleging facts to establish that the alleged statutory violations created a material risk of harm; or (iii) by alleging facts to establish that the alleged violations caused actual harm." *Davis v. CACH, LLC*, No. 14-CV-03892-BLF, 2021 WL 1626484, at *3 (N.D. Cal. Apr. 6, 2021) (internal quotations omitted). The injury must be concrete and particularized, and actual or

imminent. Lujan, 504 U.S. at 560-561. The Supreme Court clarified the injury-in-fact requirement, stating it is not automatically satisfied whenever Congress confers a statutory right and authorizes suit as a means of redress. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1549 (2016). The Court reasoned that "[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing." *Id*. at 1549, citing *Summers v. Earth Island Institute,* 555 U.S. 488, 496, 129 S.Ct. 1142 (2009); see also *Lujan v. Defs. Of Wildlife*, at 572, 112 S.Ct. 2130. Concrete injuries cannot be intangible; a plaintiff must show reliance and actual ensuing damages resulting from the action complained of. *Rivas v. Midland Funding, LLC*, 842 Fed. Appx. 483, 486 (11th Cir. 2021).

In the instant case, Plaintiff fails to allege any concrete harm or injury he has suffered, indeed, he cannot do so, as none exists. While informational injury might be inferred from Plaintiff's allegations, the Second Amended Complaint fails to specifically allege such; more importantly, it fails to state any concrete downstream consequences stemming from not receiving the §§ 1692g and 1692e(11) disclosures under the FDCPA. "An asserted informational injury that causes no adverse effects cannot satisfy Article III." *Ramirez*, 141 S. Ct. at 2214.

**B.  Plaintiff's FCCPA claim as to Sentry should be dismissed as it fails to state a cause of action**

**i. Plaintiff's Fla. Stat. § 559.72(7) and § 559.72(9) FCCPA claims should be dismissed for failure to sufficiently allege Sentry meets the statutory definition of a debt collector**

To survive a motion to dismiss under the FCCPA, a plaintiff must plead sufficient facts so as to allow the court to draw the reasonable inference that the defendant is a debt collector under the FCCPA and therefore liable for the alleged misconduct. *Davidson v. Capital One Bank (USA), N.A.*, 797 F. 3d 1309, 1313 (11th Cir. 2015) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, Plaintiff must sufficiently allege that Sentry is a debt collector.

> Fla. Stat. § 559.55(7)   "Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. The term does not include:…
> (f) …*a debt which was not in default at the time it was obtained by such person…*(emphasis added).

As such, Plaintiff must adequately allege that his debt was in default when Sentry began calling him about it. *See Davidson*, 797 F.3d at 1313; *Fennello v. Bank of America, N.A.*, 577 F. App'x 899, 902 (11th Cir. 2014). Because Plaintiff fails to allege his debt was in default when Sentry began calling him about the debt, Plaintiff has failed to sufficiently allege that Sentry is a debt collector under the FCCPA, and

as such, Plaintiff's claim should be dismissed. *See Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5ᵗʰ Cir. 2004); see also, *Isner-Monticello v. Nelnet, Inc., et al*., 8:20-cv-2135, 2021 WL 1854631 * 1 (M.D. Fla. May 10, 2021) (case dismissed because plaintiff failed to allege defendants are debt collectors by alleging that her student loans were in default when defendants began servicing them).

### ii.  Plaintiff's Fla. Stat. § 559.72(7) FCCPA claim (harassment) should be dismissed

In collecting consumer debts, the FCCPA prohibits people from *willfully* communicating with a debtor or a debtor's family member "with such frequency as can reasonably be expected to harass the debtor or her or his family, or [from] willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." § 559.72(7), Fla. Stat. (emphasis added). The FCCPA looks to the FDCPA definition of harassment, and thus harassing conduct under the FDCPA may be a violation of FCCPA Section 559.72(7). *Beeders v. Gulf Coast Collection Bureau*, 2010 WL 2696404 *6 (July 6, 2010). "…[T]he Middle District of Florida has ruled that claims under the FCCPA may rely on the FDCPA standard of harassment as it relates to the frequency of calls. *Id., citing*, *Brandt v. I.C. Sys., Inc.,* 2010 WL 582051 * 2–3 (M.D.Fla. Feb.19, 2010).

Under § 559.72(7), "[c]ourts must consider both the frequency and content of

communications." *Johnson v. Capital One Servs., LLC*, No. 18-CV-62058, 2019 WL 4536998, at *7 (S.D. Fla. Sept. 19, 2019). "To determine whether there has been a violation of the FCCPA, a court must look to 'the purpose as well as the frequency of the creditor's calls.'" *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1330 (M.D. Fla. 2017). "A plaintiff bringing an FCCPA claim premised on a violation of § 559.72(7) must prove the following elements: (1) the debt at issue is a "debt" or a "consumer debt" under § 559.55(6); (2) the plaintiff is a "debtor" under § 559.55(8); and (3) the defendant willfully communicated with the debtor or the debtor's family member "with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage[d] in other conduct which" one could have reasonably "expected to abuse or harass the debtor or any member of her or his family.""" *Thompson v. Branch Banking and Trust Co*., 2020 WL 3316092, *10 (S.D. Fla. May 1, 2020). "No definitive threshold has been set to determine what frequency or volume of calls violates the FCCPA, but 'courts generally have held that one or two phone calls per day are not sufficient ... absent evidence of other egregious conduct associated with the calls.'" *Id*. at *12, *citing*, *Miller v. Ginny's Inc.*, 287 F. Supp. 3d 1324, 1330 (M.D. Fla. 2017). Courts routinely find harassment allegations deficient where the party alleging a statutory violation does not present evidence of harassing conduct other than a high volume of calls. *See Lardner v. Diversified Consultants, Inc*., 17 F. Supp. 3d 1215 (S.D. Fla. 2014) (harassment not

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

found where defendant made 132 automated calls over an eight month period to plaintiff, where there was no other harassing behavior); *Tucker v. CBE Grp., Inc.,* 710 F.Supp.2d 1301, 1305–06 (M.D.Fla.2010) (granting summary judgment for collector where Defendant made 57 calls in a one month period because plaintiff did not demonstrate defendant engaged in oppressive conduct such as repeatedly making calls after it was asked to cease); *Beeders v. Gulf Coast Collection Bureau,* 796 F.Supp.2d 1335, 1338 (M.D.Fla.2011) (finding no FDCPA violation where the calls occurred for five months, they were received between 8:00 A.M. to 11:00 A.M., and occurred at a frequency of no more than one call per day). Dismissals are denied in cases where there is evidence of high call volume, *coupled with* the debt collector ignoring requests to cease communications or where the calls occur at hours not allowed under the statute. *Lardner v. Diversified Consultants, Inc*., 17 F. Supp. 3d 1215 (S.D. Fla. 2014).

In the instant case, Plaintiff's FCCPA claim fails. Even if Plaintiff were able to prove the first two elements of his FCCPA claim, that the debt at issue was a consumer debt under the statute and that the Plaintiff is a debtor under the statute, Plaintiff fails to prove the third element of § 559.72(7), that the defendant *willfully* communicated with the debtor or the debtor's family member with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage[d] in other conduct which one could have reasonably expected to abuse or

harass the debtor or any member of her or his family. In Plaintiff's Factual Allegations section, Plaintiff alleges Defendant called him "approximately four times". (D.E. 25, ⁋ 35; D.E. 56, ⁋ 27). The volume Plaintiff alleges does not rise to the level of harassment as defined above, Plaintiff alleges no willful intent to harass by Defendant, and Plaintiff alleges no other illegal behavior regarding the phone calls. Plaintiff's allegation clearly fails to prove the third element of his Fla. Stat. § 559.72(7) FCCPA claim; therefore, Plaintiff's FCCPA claim against Sentry should be dismissed.

### iii.  Plaintiff's Fla. Stat. § 559.72(9) FCCPA claim (asserting non-existent legal right) should be dismissed

To show a violation of section 559.72(9), "it must be shown that *a legal right that did not exist was asserted* and that the person had actual knowledge that the right did not exist." *Read v. MFP*, Inc., 85 So. 3d 1151, 1154 (2d DCA Fla. 2012), *citing*, *Pollock v. Bay Area Credit Serv., LLC,* No. 08–61101–Civ, 2009 WL 2475167, at *9 (S.D. Fla. Aug.13, 2009) (emphasis added). To show a violation of section 559.72(9), a plaintiff is required to point to some independent legal right that a defendant improperly asserted when it committed the action complained of. Examples of asserting a non-existent legal right may be collection attempts on a satisfied judgment, wrongful garnishment, continuing to call after the plaintiff has told the defendant to cease calling, or calling outside of statutorily prescribed hours.

*Id.* If a plaintiff does not and cannot point to any such assertion of any such right, dismissal of the claim is just and proper. *Id*. In *Read*, the plaintiff was not able to point to any legal right that the defendant asserted when leaving a voice mail, and the court granted summary judgment against plaintiff. *Id*. at 1155.

In the instant case, Plaintiff's Fla. Stat. § 559.72(9) FCCPA claim fails. Plaintiff does not show any action taken by Defendant, or any right that did not exist and was improperly asserted by Defendant. Indeed, Plaintiff is estopped from bringing this allegation in his Second Amended Class Action Complaint, as Plaintiff *admits the debt was legitimate and paid it*. (D.E. 26, ⁋ 75). Plaintiff fails to prove a claim under Fla. Stat. § 559.72(9); therefore, this section of Plaintiff's FCCPA claim against Sentry fails, and it should be dismissed.

### iv.  Attorney's Fees under the FCCPA

Unlike the FDCPA's subjective requirements of bad faith and an intent to harass when considering an award of attorney's fees, the FCCPA embraces an objective standard. Fla. Stat. § 559.77. The FCCPA clearly states "[i]f the court finds that the suit fails to raise a justiciable issue of law or fact, the plaintiff is liable for court costs and reasonable attorney's fees incurred by the defendant." Fla. Stat. § 559.77(2). "Florida courts have consistently held that in order for an action to be devoid of merit so as to not have a justiciable issue, the claims must be frivolous." *Thompson v. Branch Banking and Trust Co*., WL 3316092, *12  (S.D. Fla. May 1,

2020). In *Thompson*, the court found plaintiff's FCCPA without merit and frivolous, and awarded attorney's fees to defendant. *Id.*; *see also*, *Victor v. Petrousky*, 2020 WL 7401604 (M.D. Fla. 2020) (Attorney's fees awarded to defendant because plaintiff failed to raise a justiciable issue of law or fact; plaintiff's claim failed to meet the elements under the FCCPA).

## IV.  **CONCLUSION**

Plaintiff's FDCPA claim against Sentry should be dismissed as Plaintiff filed suit against Sentry after the statute of limitations period expired. Plaintiff's FDCPA claim as to Sentry should also be dismissed as there is a lack of subject matter jurisdiction. Plaintiff's FCCPA claim as to Sentry should be dismissed as it fails to state a cause of action; Plaintiff cannot meet all the elements of the FCCPA harassment or non-existent legal right allegations against Sentry. Plaintiff's FCCPA and FDCPA claims should be dismissed as Plaintiff failed to sufficiently allege Sentry was a debt collector. For the foregoing reasons, Plaintiff's FDCPA and FCCPA claims against Sentry should be dismissed with prejudice.

Dated: May 13, 2022                              Respectfully submitted,

                                                  */s/ Racquel A. White*
                                                  Racquel A. White
                                                  Florida Bar No. 0392669
                                                  rwhite@grsm.com

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

**GORDON REES SCULLY
MANSUKHANI, LLP**
100 SE Second Street, Suite 3900
Miami, FL 33131
Telephone: (305) 428-5330
Facsimile: (877) 634-7245
*Counsel for Defendant, Sentry Credit,
Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2022, a true and correct copy of the

foregoing document was filed via CME/CF, which will serve a copy of the foregoing

document on all counsel of record.

*s/Racquel A. White*
Racquel A. White, Esq.

**Service List:**

| Counsel for Plaintiff Justin Lawrence: | Counsel for Co-Defendant Pay |
|---|---|
| William Peerce Howard, Esq. | Ready, Inc.: |
| The Consumer Protection Firm | Josepher Messer, Esq. |
| 401 East Jackson Street, Ste. 2340 | John Michael Marees, II, Esq. |
| Truist Place | Messer Strickler Burnette, LTD |
| Tampa, FL 33602 | Address: 12276 San Jose Blvd Ste |
| Email: | 718 |
| billy@TheConsumerProtectionFirm.com | Jacksonville, FL 32223-8674 |
| | Email: jmesser@messerstrickler.com |
| | Email: jmarees@messerstrickler.com |

1262636/67136952v.2